# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, <br><br> Plaintiff, <br><br> vs. <br><br> NEVADA TITLE COMPANY, *et al.*, <br><br> Defendants. | 2:12-cv-02060-LRH-VCF <br><br> **ORDER** <br><br> (*Ex Parte* Application For Enlargement of Time In Which to Effectuate Service of Process #8) |

Before the court is plaintiff Federal Deposit Insurance Corporation's (hereinafter "FDIC") *Ex Parte*[1] Application For Enlargement of Time In Which to Effectuate Service of Process. (#8).

**A.   Background**

Plaintiff FDIC filed its complaint against Mark A. Gonzalez and Nevada Title Company on December 3, 2012. (#1). Summons were issued as to both defendants on December 4, 2012. (#3 and #4). Summons as to Nevada Title Company was returned executed on March 21, 2013. (#6). Plaintiff FDIC filed the instant motion (#8) and an affidavit of due diligence (#7) on March 26, 2013.

**B.   Application for Enlargement of Time**

Plaintiff FDIC asserts that it needs an additional 60-day period to effect service upon defendant Gonzalez because it believes that Mr. Gonzalez is "deliberately evading service." (#8). The last known address for Mr. Gonzalez is 8109 Hopscotch Street (hereinafter "Hopscotch Address"), and according to a Sale Deed recorded with the Clark County Recorder, Mr. Gonzalez sold his former residence located

---

[1] Plaintiff FDIC asserts that the motion was filed *ex parte* pursuant to Local Rule 7-5(b), as defendant Mr. Gonzalez "has not yet been served." (#8).

at 8504 Stardance Avenue (hereinafter "Stardance Address") to an individual named Gloria Lute. *Id.* Plaintiff asserts that when the process server attempted service on Mr. Gonzalez at the Hopscotch Address, the current occupant stated that Mr. Gonzalez resides at the Stardance Address and provided a phone number for Mr. Gonzalez. *Id.* Plaintiff states that service was attempted at the Stardance Address, but that such efforts were unsuccessful. *Id.* The process server contacted Mr. Gonzalez by telephone, and Mr. Gonzalez requested that plaintiff serve his attorney Thomas Pitaro. *Id.* Mr. Gonzalez refused to provide any information regarding his current address. *Id.*

Plaintiff asserts that its counsel called Mr. Pitaro's office, and that an employee indicated that Mr. Pitaro would not accept service on behalf of Mr. Gonzalez. *Id.* Plaintiff contends that "further attempts to contact and/or serve Mr. Gonzalez have proven unsuccessful." *Id.* The plaintiff asks this court to extend the 120-day deadline to effect service upon Mr. Gonzalez.[2] Plaintiff asserts that "[a]lthough Gonzalez appears to have received actual notice of the lawsuit, despite its diligence evidenced by the Affidavit of Due Diligence, [p]laintiff's process server has been unable to effectuate personal service upon [d]efendant Gonzalez..." *Id.*

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

The deadline to effect service upon Mr. Gonzalez is April 2, 2013. (#1). The court finds that "good cause" exists to grant plaintiff additional time to serve Mr. Gonzalez, as several attempts have been unsuccessful and Mr. Gonzalez has actual notice of this action. *See* Fed. R. Civ. P. 4(m). The court also finds that extending the 4(m) deadline by sixty (60) days is an appropriate period. *Id.*

---

[2] The court notes that plaintiff included the heading "Good Cause Exists to Enlarge the Time for Service to Permit the Effectuation of Service by Publication," but that the argument and authority under the heading do not relate to service by publication. (#8). If plaintiff FDIC wishes to serve Mr. Gonzalez by publication, a separate motion must be filed.

Accordingly and for good cause shown,

IT IS ORDERED that plaintiff FDIC's *Ex Parte* Application For Enlargement of Time In Which to Effectuate Service of Process (#8) is GRANTED.

IT IS FURTHER ORDERED that plaintiff has up to and including June 1, 2013, to effect service upon defendant Mr. Gonzalez.

DATED this 2nd day of April, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE